Murcia Henao v. Bondi

BIA
Hochul, IJ
A202 049 712/713/714/715

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

WILLIAM ALEJANDRO MURCIA HENAO, ADRIANA MERCEDES BOTINA RODRIGUEZ, ISABELLA MURCIA BOTINA, SALOME MURCIA BOTINA,
> *Petitioners,*

v.

PAMELA BONDI, United States Attorney General,
> *Respondent.*

23-6120
NAC

_____

**FOR PETITIONERS:**        Michael E. Marszalkowski, Serotte Law, Buffalo, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Todd J. Cochran, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners William Alejandro Murcia Henao, Adriana Mercedes Botina Rodriguez, Isabella Murcia Botina, and Salome Murcia Botina,[1] natives and citizens of Colombia, seek review of a January 6, 2023 decision of the BIA that affirmed an April 13, 2021 decision of an Immigration Judge ("IJ") denying Murcia Henao's application for asylum and withholding of removal.[2] *In re Murcia Henao*, Nos. A202 049 712/713/714/715 (B.I.A. Jan. 6, 2023), *aff'g* Nos. A202 049 712/713/714/715 (Immigr. Ct. Buffalo Apr. 13, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] This order refers primarily to Murcia Henao, as his wife and children were derivative applicants on his asylum application.

[2] Murcia Henao does not challenge the denial of relief under the Convention Against Torture.

2

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review findings of fact for substantial evidence and questions of law and the application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009)). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

Murcia Henao alleged that, in 2013, members of the Revolutionary Armed Forces of Colombia (the "FARC") threatened his brother with death for working for a hydroelectric dam project that the FARC opposed, and when the FARC failed to find his brother, they threatened Murcia Henao and his family twice in 2014. He testified that a man came into a clothing store where he worked, pointed at him, said "I found what I was looking for," and after buying clothing, said that he knew Murcia Henao's brother, and that Murcia Henao had two daughters. *See* Certified Admin. Rec. ("CAR") at 165, 168. The second alleged threat was a signed condolence card left at his house; the FARC signed it and wrote, "we have one of these for each of your family." *Id.* at 1036.

Upon review, we find that the agency did not err in concluding that Murcia Henao failed to establish past persecution or a well-founded fear of future

persecution.   *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b).

## I.      Past Persecution

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive."   *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted); *see also Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that harm must be sufficiently severe, rising above "mere harassment").   In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate.   *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).   While the standard of review for the issue of whether harm rose to the level of persecution is unsettled, *see KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024), we find that the agency did not err even under a de novo standard of review.

Generally, "threats of persecution, no matter how credible, do not demonstrate past persecution."   *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014).   "Instead, an applicant must show that the threat was imminent or concrete or so menacing as itself to cause actual suffering or harm."   *KC*, 108 F.4th at 135 (internal quotation marks omitted).   Contrary to Murcia Henao's assertions here, the evidence did not establish that the threats were sufficiently imminent, concrete, or menacing.   Murcia Henao did not allege that the FARC took any steps

4

to act on the threats or attempt physical harm; the first threat was ambiguous, and Murcia Henao could not identify the man who threatened him or confirm his association with the FARC; and his testimony that he did not warn his sister and parents in Colombia about the threats undercut his claim that the threats were sufficiently menacing.

## II.    Future Persecution

Having failed to show past persecution, Murcia Henao had the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. I.N.S.*, 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. I.N.S*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129. Here, the agency reasonably concluded that Murcia Henao did not demonstrate an objectively reasonable fear of future persecution.

Contrary to Murcia Henao's argument, the IJ engaged with the country

conditions evidence—including the evidence Murcia Henao submitted—to find that conditions in Colombia are more favorable to Murcia Henao than when he fled in 2014. *See Xiao Ji Chen v. Dep't of Just.*, 471 F.3d 315, 336 n. 17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise."). As the IJ noted, the U.S. State Department's 2020 Human Rights Report reflects that, "[i]n 2016, the government of Colombia and the FARC leaders signed a peace accord," and "some members [of the FARC] are being held accountable to past human rights abuses." CAR at 69–70. Moreover, the IJ found that the FARC's membership is a fraction of its membership before the peace accord, and Murcia Henao's other country conditions evidence suggests that violence perpetrated by the FARC has materially subsided.

Moreover, Murcia Henao testified that his family remaining in Colombia has not had issues with the FARC since he left, and neither Murcia Henao nor his family members have been involved in a hydroelectric dam project since 2013, which was the basis of the FARC's original threat against his brother. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (explaining that the absence of evidence of persecution of similarly situated family members in the country of removal "cuts against" finding a fear of future persecution). Simply put, Murcia

6

Henao's evidence of occasional flare ups of FARC violence does not compel a conclusion that the agency erred. *See Jian Xing Huang*, 421 F.3d at 129; *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled a[] . . . finding different from that reached by the agency.").

Because Murcia Henao failed to establish the chance of harm required for asylum, he "necessarily" failed to meet the higher standard for withholding of removal. *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7